UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SMITH WHOLESALE CO., INC., ET AL. | ) | |
| | ) | |
| v. | ) | NO. 2:03-CV-30 |
| | ) | |
| R. J. REYNOLDS TOBACCO COMPANY | ) | |

## MEMORANDUM OPINION AND O R D E R

On September 3, 2005, this Court granted summary judgment to R.J. Reynolds Tobacco Company ("RJR") on plaintiffs' antitrust claims and dismissed plaintiffs' complaint. On June 7, 2005, this Court entered an order vacating its February 7 and March 4, 2003 injunctions prohibiting RJR from terminating Smith Wholesale's and Rice Wholesale's direct purchasing status during the pendency of the litigation. On June 23, 2005, plaintiffs filed a notice of appeal from these orders. That appeal is currently pending in the United States Court of Appeals for the Sixth Circuit.

Plaintiffs Smith Wholesale Company, Rice Wholesale Company, Caldwell Wholesale Company and A.B. Coker, Inc. now move, pursuant to Rule 62(c) *Fed. R. Civ. P.*, for an order enjoining RJR from terminating its contractual dealership agreements with these plaintiffs pending resolution of plaintiffs' claims on appeal. RJR has moved to dismiss the plaintiffs' motion for preliminary injunction [Doc. 374 and 377] and seeks to stay briefing and hearing on plaintiffs' motion. [Doc. 380]. In support of its motion to

dismiss, RJR asserts that this Court has no jurisdiction to consider the motion for preliminary injunction or, alternatively, that this dispute must be referred to arbitration. In support of its motion for stay of briefing and hearing, RJR asserts that this Court should decide whether the dispute is arbitrable before briefing and hearing on plaintiffs' motion for a preliminary injunction and should defer to the Sixth Circuit for disposition of plaintiffs' identical motion for preliminary injunction filed in that Court.

For the reasons set forth below, RJR's motion to dismiss on jurisdictional grounds and its motion to stay briefing and hearing on the motion for preliminary injunction will be denied. Oral argument will be heard on the motion to dismiss because this dispute must be referred to arbitration on November 9, 2005 at the same time as the Court's previously scheduled hearing on plaintiffs' motion for preliminary injunction.

Plaintiffs have the burden of proving jurisdiction in this Court. *Kokkonen v. Guardian Life Insurance Company,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). RJR asserts that this Court was divested of jurisdiction in this matter upon the filing by plaintiffs of their notice of appeal to the Sixth Circuit on June 23, 2005. Plaintiffs, however, seek an injunction to preserve the status quo pending appeal and rely upon *Fed. R. Civ. P.* 62(c). Rule 62(c) reads, in part:

> "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, <u>restore</u>, or <u>grant</u> an injunction during the pendency of the appeal . . ." (emphasis added)

2

RJR asserts that Rule 62(c) provides no basis for jurisdiction in this Court because the order appealed from and which is currently pending in the Sixth Circuit simply granted summary judgment and dismissed on the merits all of plaintiffs' claims. Even a cursory review of the notice of appeal filed by the plaintiffs refutes RJR's claim, however, and overlooks the inherent power of this Court to make such orders as deemed necessary by the Court to preserve the status quo pending resolution of appeal in this matter. Rule 62(c) clearly authorizes the trial court to restore or grant an injunction during the pendency of an appeal in this case.[1]

      RJR's argument that this Court should stay any proceedings on plaintiffs' preliminary injunction motion pending the Sixth Circuit's disposition of plaintiffs identical motion for preliminary injunction filed in that court is likewise misplaced. RJR's argument overlooks the clear directive of Rule 8, *Fed. R. App. P.*, which clearly contemplates that an application for an injunction ordinarily must be made in the first instance to the district court. A reading of Rule 8 establishes that the appeals court will ordinarily not hear an application for an injunction such as that requested in this case unless the application has been made in the first instance in the district court and relief denied in the district court. RJR has suggested no unusual or extraordinary circumstances involved in this case which would justify deviating from the ordinary practice and

---

[1] The authority granted to the District Court by Rule 62(c) is the very same authority granted to the Circuit Court of Appeals by Rule 62(g) with respect to suspend[ing], modify[ing], restore[ing] or grant[ing] an injunction.

3

procedure in matters such as this.

RJR further argues that, even if this Court has jurisdiction, plaintiffs' claims must be dismissed as subject to arbitration.  Since it appears to the Court that oral argument on the arbitration issue would be helpful for the Court and since the threatened terminations of the plaintiffs are imminent, this Court will hear oral argument on the plaintiffs' motion to dismiss because the dispute must be referred to arbitration on November 9, 2005 at the same time as the Court's previously scheduled hearing on plaintiffs' motion for preliminary injunction.

For the reasons set forth above, the motion of R. J. Reynolds Tobacco Company to stay briefing and hearing on plaintiffs' motion for preliminary injunction [Doc. 380] is **DENIED** and R.J. Reynolds Tobacco Company's motion to dismiss plaintiffs' motion for preliminary injunction for lack of jurisdiction is likewise **DENIED**. RJR's motion to dismiss because plaintiffs' action must be referred to arbitration is taken under advisement.

SO ORDERED.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

4

Case 2:03-cv-00030   Document 383   Filed 11/04/05   Page 4 of 4   PageID #: 871