UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SMITH WHOLESALE CO., INC., *ET AL.*   )
                                      )
v.                                    )   NO. 2:03-CV-30
                                      )
R. J. REYNOLDS TOBACCO COMPANY        )

**O R D E R**

Plaintiffs, Smith Wholesale Company, Inc., Rice Wholesale Company, Inc., Caldwell Wholesale Company, Inc. and A.B. Coker, Inc. (collectively "Plaintiffs") have moved this Court to issue a Preliminary Injunction and enjoin ("RJR") from terminating its contractual direct dealership agreements with the Plaintiffs pending resolution of Plaintiffs' claims now on appeal in the United States Court of Appeals for the Sixth Circuit. The issues have been fully briefed by the parties and this Court held an all day evidentiary hearing on November 9, 2005. For the reasons that follow, the motion will be denied.

Plaintiffs in this case are wholesalers who distribute RJR products pursuant to direct distributorship agreements between RJR and these Plaintiffs which expressly permit either party to terminate the agreement for any reason upon ten (10) days notice. RJR has exercised its rights pursuant to the contract and it has

given Plaintiffs notice of its intention to terminate the agreements.[1]

Plaintiffs rely upon *Fed. R. Civ. P.* 62(c) and *Bergen Drug Company, Inc. v. Parke Davis & Company*, 307 F. 2d 725 (3rd Cir. 1962) for the proposition that this Court should maintain the status quo business relationship between these parties during the pendency of their appeal. Although Plaintiffs argue otherwise based upon their reading of the *Bergen Drug Company* case, the factors applicable to a motion for an injunction pending appeal are the same as those considered in evaluating a request for a preliminary injunction. *See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F. 2d 150, 153 (6th Cir. 1991), (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987)). Thus, this Court must consider the traditional factors for injunctive relief:

    1. whether the applicant has demonstrated a likelihood of success on the merits;

    2. whether the applicant will be irreparably injured absent a stay;

    3. whether issuance of the stay will substantially injure the other interested parties; and

---

[1] At this Court's hearing on November 9, 2005, RJR voluntarily agreed to postpone its terminations of these Plaintiffs until December 5, 2005, to give this Court ample time to decide Plaintiffs' motion. The terminations were previously scheduled to take effect on November 21, 2005.

2

>       4. where the public interest lies.

*Id.* at 153. The decision on whether or not to grant the injunction requires a balancing of these interrelated considerations. *Id.*

A manufacturer generally has a right "to select its customers and to refuse to sell its goods to anyone, for reasons sufficient to itself." *Ace Beer Distribs., Inc. v. Kohn, Inc.*, 318 F. 2d 283, 287 (6th Cir. 1963) (*citing United States v. Colgate & Co.*, 250 U.S. 300 (1919)). A refusal to deal becomes actionable only "when it produces an unreasonable restraint of trade, such as price fixing, elimination of competition or the creation of a monopoly." *Id.* at 286 (*citing United States v. Parke, Davis and Co.*, 362 U.S. 29 (1960)). This Court accepts at face value Plaintiffs' allegations of irreparable harm if their dealership contracts with the Defendant are terminated; however, the contracts entered into between the Plaintiffs and Defendant are clearly terminable by either party, with or without cause, upon ten (10) days notice to the other party. The granting of an injunction pending appeal by this Court would, therefore, be quite extraordinary relief in view of these plain contractual provisions. Except for the irreparable harm factor, Plaintiffs have not demonstrated that any of the other factors favor the grant of a preliminary

injunction.[2]  The motion of the Plaintiffs for preliminary injunction [Doc. 368] is **DENIED**.  RJR's motion to dismiss because Plaintiffs' action must be referred to arbitration [Doc. 374] is **DENIED**.

ENTER:

S/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[2] Even if this Court were to apply the extraordinary equitable remedy standard apparently established in *Bergen Drug Company v. Parke, Davis and Co.*, Plaintiffs have not established that these Plaintiffs cannot, because of the termination of these agreements, further prosecute their appeal in this action or that RJR's conduct is calculated to frustrate the litigation.